ORIGINAL *PHN*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY 1 9 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CATHERINE GAUJACQ          )
                           )
  Plaintiff,               )
                           )
       v.               )     No. 1:05CV0969 (JGP)
                           )
ELECTRICITE DE FRANCE       )
  INTERNATIONAL NORTH AMERICA, )     **306 MC 0042 - D**
  INC., et al.              )
                           )
  Defendants.              )
                           )

## EMERGENCY MOTION TO COMPEL
## COMPLIANCE WITH FOREIGN SUBPOENA

**Randi Seltzer May**

**Hoguet Newman & Regal**
**10 East 40th Street**
**New York, New York 10016**
**(212) 689-8808**

## TABLE OF CONTENTS

RELEVANT BACKGROUND ........................................................................................2

SUMMARY OF ARGUMENT ......................................................................................3

ARGUMENT.................................................................................................................3

     I.       No Confidentiality Applies and Ms. Gaujacq
             will Execute a Medical Authorization Waiving
             Any Confidentiality ...................................................................................3

     II.      The Discovery Sought in the Subpoena is Likely to
             Lead to the Discovery of Admissible Evidence and
             is Directly Relevant to Ms. Gaujacq's Claims...........................................4

     III.    EDF and EDFINA Do Not Seek Opinion
             Testimony of Dr. Fellows .........................................................................5

CONCLUSION..............................................................................................................6

## **TABLE OF AUTHORITIES**

### **STATUTES**

Fed. R. Civ. P. 26(b)(1)..........................................................................................5

Fed. R. Civ. P. 45(c)(3)..........................................................................................5

Fed. R. Civ. P. Local Rule 7.1 ..............................................................................1

Tex. Code Health & Safety, § 611.001, et. seq......................................................4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | (Pending in the United States District |
| ELECTRICITÉ DE FRANCE | ) | Court for the District of Columbia) |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## EMERGENCY MOTION TO COMPEL
## COMPLIANCE WITH FOREIGN SUBPOENA

**Defendants, Electricité de France, S.A. ("EDF") and Electricité de France International North America, Inc., ("EDFINA")**, by their attorney, and pursuant to Rule 45 of the Federal Rules of Civil Procedure and Local Rule 7.1 of this Court, respectfully request the entry of an order compelling compliance with a subpoena duces tecum duly served on Cheryl Fellows, Ph.D. and RHR International Company ("RHR") for the production of documents and the deposition of Dr. Fellows (attached hereto as Exhibit A). Counsel for Dr. Fellows and RHR has made it clear that Dr. Fellows will not appear for her duly noticed deposition. Because the dates for compliance with subpoena are May 22, 2006 for the production of documents and May 30, 2006 for the deposition of Dr. Fellows, and because the discovery cut-off date is May 31, 2006, EDF and EFINA respectfully request that relief and briefing be granted on an expedited basis.

## **RELEVANT BACKGROUND**

EDF and EDFINA are defendants in an employment discrimination action brought by Catherine Gaujacq, which is currently pending in the United States District Court for the District of Columbia (Index Number 1:05 CV 0969). Ms. Gaujacq seeks damages for, among other things, a "major depression" in connection with her separation of employment from EDF and EDFINA. Ms. Gaujacq contends that her "major depression" began in or about June 2004 and continues unabated to today. Ms. Gaujacq also seeks lost earnings.

In connection with Ms. Gaujacq's current employment with Entergy Nuclear, Ms. Gaujacq was seen by Dr. Fellows of RHR. Dr. Fellows is employed by RHR as a management consulting psychologist.

Dr. Fellows interviewed Ms. Gaujacq on or about January 12, 2005, concerning her mental state at that time and authored a report concerning Ms. Gaujacq. EDF and EDFINA do not dispute that Dr. Fellows never treated Ms. Gaujacq.

A subpoena duces tecum was served on counsel for Dr. Fellows and RHR who was authorized to accept service on their behalf, on May 4, 2006. Because RHR and Dr. Fellows are in Dallas, Texas, the subpoena issued from the United States District Court for the Northern District of Texas, and requires the production of documents on or before May 22, 2006 and requires Dr. Fellows to appear for a deposition in Dallas, Texas on May 30, 2006. Dr. Fellows and RHR have served EDF and EDFINA with "Objections to Subpoena," dated May 16, 2006 (attached hereto as Exhibit B), which makes clear that

2

Dr. Fellows refuses to comply with the subpoena.[1]  The discovery cut-off in this case is May 31, 2006.  EDF and EDFINA therefore seek relief and briefing on an expedited basis.

## SUMMARY OF ARGUMENT

None of the three proffered reasons for refusing to comply with the subpoena will pass muster.  First, not only does the Texas Health & Safety Code's rule concerning confidentiality of mental health records not apply here, but Ms. Gaujacq will furnish a written medical authorization waving any confidentiality.  Second, not only is relevance an improper objection to discovery, but the documents concerning Ms. Gaujacq, as well as any communication between Ms. Gaujacq and Dr. Fellows in the midst of an alleged "major depression" is directly relevant.  Third, EDF and EDFINA do not seek any opinion testimony of Dr. Fellows; rather, they seek underlying facts, which are discoverable.

## ARGUMENT

**I.      No Confidentiality Applies and Ms. Gaujacq will Execute a Medical Authorization Waiving Any Confidentiality**

The Health and Safety Code concerning the confidentiality of mental health records (referred to in Dr. Fellows' and RHR's Objections to Subpoena) does not apply here because Dr. Fellows did not treat Ms. Gaujacq.  Even if it did apply, however, Ms. Gaujacq will waive that confidentiality by executing a written medical authorization for this purpose.

---

[1] In the "Objections to Subpoena," dated May 16, 2006, Dr. Fellows and RHR request an order quashing the subpoena served on them for the production of documents and the deposition of Dr. Fellows, but they have not filed a motion to quash.

The Health and Safety Code concerning mental health records, by definition, does not apply to a corporate management consulting psychologist and his or her interviewees. TEX. CODE HEALTH & SAFETY, § 611.001, et. seq. Section 611.001 defines a "patient" as a "person who consults or is interviewed by a professional for diagnosis, evaluation or treatment of any mental or emotional condition or disorder . . ." Id. Dr. Fellows and RHR contend that Dr. Fellows assessed Ms. Gaujacq's candidacy, coached Ms. Gaujacq, does not practice clinical psychology and was not looking for or treating any mental illness. See Exhibit B, ¶¶ 1, 9, 10 and 13.

Even assuming, arguendo, that the confidentiality provision of the Texas Health and Safety Code concerning mental health records does apply, Ms. Gaujacq will waive any such confidentiality. By order of the court in the United States District Court for the District of Columbia, EDF and EDFINA have filed and served Defendants' Motion for Limited Medical Authorization (attached hereto as Exhibit C), which motion the Court has ordered to be briefed on an expedited basis and which defendants reasonably expect to be decided by the court during the week of May 22, 2006. In addition, Ms. Gaujacq, has represented by e-mail of her counsel, dated May 17, 2006, that she is willing to withdraw her opposition to Defendants' motion and execute the waiver (attached hereto as Exhibit D).

Accordingly, confidentiality of communications between Ms. Gaujacq and Dr. Fellows and documents in the possession of Dr. Fellows and/or RHR is not an issue.

## II. The Discovery Sought in the Subpoena is Likely to Lead to the Discovery of Admissible Evidence and is Directly Relevant to Ms. Gaujacq's Claims

Contrary to Dr. Fellows' and RHR's assertions, the communications between Ms. Gaujacq and Dr. Fellows, statements made by Ms. Gaujacq, as well as any forms filled

4

out by Ms. Gaujacq and other documents relating to their communication are directly relevant to Ms. Gaujacq's claim that she has been suffering from a major depression during this time period. Likewise, they may be relevant to Ms. Gaujacq's performance at Entergy, which is relevant to her bonus and compensation which bears directly on the damages she seeks from EDF and EDFINA for lost earnings. It is beyond doubt that Dr. Fellows has information that "appears reasonably calculated to lead to the discovery of admissible evidence" and it is, therefore, properly sought via subpoena. Fed. R. Civ. P. 26(b)(1).

**III.    EDF and EDFINA Do Not Seek Opinion Testimony of Dr. Fellows**

EDF and EFINA do not seek the opinion of Dr. Fellows. EDF and EDFINA likewise do not seek any diagnosis that may or may not have been made by Dr. Fellows. To the contrary, EDF and EDFINA seek to discover facts about Ms. Gaujacq, including, but not limited to what she communicated to Dr. Fellows about her mental state, Dr. Fellows' observations as to her conduct, behavior, appearance, and performance. EDF and EDFINA likewise seek to discover written statements made by Ms. Gaujacq which may lead to the discovery of admissible evidence in this case. EDF and EDFINA are entitled to discover these facts.

Dr. Fellows' and RHR's reliance on Rule 45(c)(3)(B)(2) of the Federal Rules of Civil Procedure is misplaced, as it underscores that EDF's and EDFINA's purpose is not only permissible but proper. Rule 45(c)(3)(B)(2) calls for quashing or modifying a subpoena that "requires disclosure of an unretained expert opinion or information not describing specific events or occurrences in dispute and resulting from expert's study made not at the request of any party . . ." Fed. R. Civ. P. 45(c)(3)(B)(2). Here, EDF and

5

EDFINA seek discovery of information that does in fact describe specific events or occurrences that are in dispute.

Since EDF and EDFINA do not seek opinion testimony of Dr. Fellows, the objection on other ground is not sustainable.

## CONCLUSION

For the reasons above, EDF and EDFINA request that the Court enter an Order compelling Dr. Fellows and RHR to comply with the subpoena duces tecum duly served on Cheryl Fellows, Ph.D. and RHR International Company for the production of documents at the offices of Thompson Coe, Cousins & Irons, LLP, 700 Pearl Street, 25th Floor, Dallas, Texas 75201 on May 22, 2006 as indicated in the subpoena, or as soon thereafter as is practicable and the deposition of Dr. Fellows. at the offices of Thompson Coe, Cousins & Irons, LLP, 700 Pearl Street, 25th Floor, Dallas, Texas 75201 on May 30, 2006 at 10:00 a.m. as indicated in the subpoena, or as soon thereafter as is practicable.

Dated:  May 18, 2006

Respectfully Submitted,

*Randi Seltzer May*

Randi Seltzer May
(Application for Pro Hac Vice Admission
Submitted Simultaneously Herewith)
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY  10016
(212)689-8808

*Counsel for Electricité de France, S.A., and
Electricité de France International North
America, Inc.*

6

TO:    Arnold A. Pagniucci, Esq.
          Sachnoff & Weaver, Ltd.
          10 South Wacker Drive
          Chicago, Illinois 60606
          312-207-6428

          *Counsel for Dr. Cheryl Fellows*
           *and RHR International Company*


          Elaine Charlson Bredehoft, Esq.
          Charlson Bredehoft & Cohen, P.C.
          11260 Roger Bacon Drive, Suite 201
          Reston, Virginia 20190
          (703) 318-6800

          *Counsel for Plaintiff, Catherine Gaujacq*


          Morgan D. Hodgson, Esq.
          Steptoe & Johnson LLP
          1330 Connecticut Avenue N.W.
          Washington, D.C. 20036
          (202) 429-3000

          *Counsel for Defendant, Christian Nadal*

Exh - A

Sachnoff & Weaver, Ltd.

Chicago, Illinois 60606-7507

*t* 312.207.1000  *f* 312.207.6400

www.sachnoff.com

**Arnold A. Pagniucci**

Attorney at Law

*t* 312.207.6428

apagniucci@sachnoff.com

# Sachnoff&Weaver 🕉

May 16, 2006

**BY FEDERAL EXPRESS**

Randi Seltzer May, Esq.
Hoguet Newman & Regal, LLP
10 East 40th St.
New York, NY 10016

   Re: *Gaujacq v. Electricite*

Dear Ms. May:

   Enclosed please find objections to subpoena served by me on behalf of Cheryl
Fellows and RHR International Company. Please let me know if you intend to compel
enforcement of the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure
in sufficient time so that I can advise local counsel of the date and time of any such
hearing.

       Very truly yours,

       Arnold A. Pagniucci
       For SACHNOFF & WEAVER, LTD.

AAP:bp
Encl.

cc: Elaine Charleston Bredehoft, Esq.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CATHERINE GAUJACQ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:05 CV 0969 |
| | ) | |
| ELECTRICITE DE FRANCE | ) | (Pending in the U.S.D.C. for D.C.) |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTIONS TO SUBPOENA

CHERYL FELLOWS AND RHR INTERNATIONAL COMPANY (jointly
referred to as "Petitioners"), by their attorney, and pursuant to Rule 45 of the Federal
Rules of Civil Procedure, respectfully request the entry of an Order quashing the
Subpoena served upon Petitioners for the production of documents and the depositions of
Cheryl Fellows, Ph.D.

In support of this Motion, Petitioners state:

## INTRODUCTION

1.     Petitioner Fellows is currently employed as a management consultant by
Petitioner RHR and has been employed as such since June, 1995. Petitioner Fellows is a
psychologist licensed pursuant to the laws of the state of Texas; however, Fellows
currently does not practice clinical psychology, nor has she done so during any of the
time she has been employed by RHR. Fellows works out of the RHR office located in
Dallas, Texas.

2.     On or about January 12, 2005, Petitioner Fellows met with the Plaintiff Catherine Gaujacq.  That meeting took place at the Admiral's Club at Dulles Airport in Washington, D.C.

3.     At the time of the meeting, Plaintiff Gaujacq was a candidate for a senior management position at Entergy.  The meeting had been set up by Entergy.  As a result of that meeting, Petitioner Fellows prepared the Personal Development Guide ("PDG") referred to in paragraph 1 of the "Documents To Be Produced" section of the Subpoena. Petitioners are advised that Defendant Electricite de France International North America has a copy of the PDG.

4.     On May 4, 2006, Defendant, by its counsel, caused to be served a Subpoena upon counsel for Petitioners.  Counsel was authorized to accept such service. A copy of the Subpoena is attached hereto as Exhibit A.  The Subpoena purports to require the production of documents on or before May 22, 2006, and seeks to take the deposition of Petitioner Fellows on May 30, 2006.

## THE OBLIGATION OF CONFIDENTIALITY

5.     The state of Texas has enacted a Health & Safety Code pertaining to mental health records, a copy of which is attached hereto as Exhibit B.  Pursuant to section 611.003(a)(1), Plaintiff Gaujacq is entitled to claim the confidentiality of the records of and communications with Petitioner Fellows.  Pursuant to section 611.002, confidential communications or records can only be disclosed pursuant to sections 611.004 or 611.0045.  None of the exceptions enumerated in section 611.004 is applicable here.  And there has been no waiver of confidentiality by Plaintiff Gaujacq under section 611.0045.

204605/0000/855294/Version # 1

6.     Since Plaintiff Gaujacq has not waived her right to keep confidential the
information exchanged between Plaintiff and Petitioner Fellows, Petitioner Fellows is
obligated not to disclose such information.  Since the Texas Code imposes the obligation
of confidentiality, the Subpoena should be quashed.

## THE INFORMATION IS NOT RELEVANT

7.     The Subpoena goes on to request the date when Petitioners were engaged
to prepare the PDG.  That date was some time after January 1, 2005, and before the
interview.  The information can be confirmed by affidavit or otherwise agreed to by the
parties to the case.  There is no need to conduct a deposition of Petitioner Fellows for the
sole purpose of establishing that date.

8.     Finally, the Subpoena requests at paragraph 3 all other documents
concerning Plaintiff Gaujacq.  This request is patently overbroad.  Defendant has made
no attempt to limit the request to relevant documents.  In fact, the work done by
Petitioner Fellows in preparing the PDG and in ongoing management coaching sessions,
which did not begin until October 2005, is not relevant to, and cannot lead to the
discovery of relevant information concerning any alleged illnesses suffered by Plaintiff as
a result of the conduct alleged in her Complaint.

9.     Petitioner Fellows was not retained to assess or diagnose illnesses of
Plaintiff.  Rather, Fellows was retained initially to perform an assessment of Plaintiff
Gaujacq's effectiveness as a business leader, and to identify areas of Gaujacq's
leadership characteristics which should be further developed.  Later, Fellows was
retained to provide leadership coaching to assist Gaujacq in integrating into the culture of
Entergy.

10.     Information about the management coaching is likewise not relevant. It is, of course, more removed in time from the conduct alleged in the Complaint. Second, the purpose of the coaching is management integration; that is, helping Gaujacq to better integrate into the business of Entergy.

11.     Given the remoteness in time and in purpose, the information sought in the Subpoena is not relevant to any claim of the Plaintiff, and will not lead to the discovery of relevant information. The Subpoena should be quashed.

## THE SUBPOENA IMPROPERLY SEEKS OPINION TESTIMONY

12.     The information sought by the Subpoena is by definition opinion testimony. Petitioner Fellows was not a treating physician. Petitioner was not acting as a clinical psychologist. There is no factual information Petitioner Fellows obtained relevant to any issue in the case. Petitioners are informed that the purpose of the deposition is to determine whether Plaintiff was suffering from depression at the time of the contacts with Petitioner Fellows. This requires by definition opinion testimony.

13.     Petitioner Fellows cannot be forced to provide opinion testimony in this case. See Rule 45(c)(3)(B)(2). But even if the Court ordered Petitioner to provide such testimony, Petitioner Fellows would have to concede that she lacked the information necessary to provide such an opinion. As described above, Petitioner Fellows was asked in a several-hour interview to assess the qualifications and abilities of Plaintiff to succeed in the position being offered by Entergy. In that role, she was not looking for mental illness, and has no basis to offer an opinion on that issue.

The coaching assignment is intended to help Plaintiff fine-tune her leadership and management skills. In that role, Petitioner Fellows does not and did not look for mental

4                                          204605/0000/855294/Version #:.1

illness.  Petitioner Fellows is therefore not able to give opinion testimony even if required

to do so.  Asking Petitioner Fellows whether she noticed any signs of depression when

she was not practicing clinical psychology, when she was not looking for such signs, and

when she was providing management coaching services, is not only not relevant to any

issue in this case, but could be misleading.

14.     For these additional reasons, the Subpoena should be quashed.  In the

event this Court determines the deposition should go forward, Petitioner would

respectfully request that such deposition be scheduled some time the week of June 5,

2006.

Dated:  May /6, 2006

                                Respectfully submitted,

                                CHERYL FELLOWS AND RHR
                                INTERNATIONAL COMPANY

                                By: _____
                                One of the Attorneys for Petitioners

Arnold A. Pagniucci
SACHNOFF & WEAVER, LTD.
10 South Wacker Drive, 40th Floor
Chicago, IL  60606
(312) 207-1000

204605/0000/855294/Version #: 1

## Certificate of Service

The undersigned attorney certifies that he caused to be served a true and correct copy of the foregoing Objections to Subpoena on each counsel of record by placing with a Federal Express messenger on May _16_, 2006, for overnight delivery addressed as follows:

Randi Seltzer May, Esq.
Hoguet Newman & Regal, LLP
10 East 40th St.
New York, NY  10016

*Attorneys for Defendants*

Elaine Charleson Bredehoft, Esq.
Charleston Bredehoft & Cohen, P.C.
11260 Roger Bacon Dr., #201
Reston, VA  20190

*Attorneys for Plaintiff*


_____
Attorney

6

A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Texas |

Catherine Gaujacq

**V.**

Electricite de France International North America,
Inc., Electricite de France, Christian Nadal

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  1:05CV0969

TO:  Cheryl Fellows, Ph.D
RHR International Company
17766 Preston Road
Dallas, Texas 75252

(Pending in the U.S. District Court for
the District of Columbia)

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION    Thompson, Coe, Cousins & Irons, LLP<br>700 Pearl Street, 25th Floor, Dallas, TX 75201 | DATE AND TIME<br>5/30/2006 10:00 am |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT

| PLACE    Thompson, Coe, Cousins & Irons, LLP<br>700 Pearl Street, 25th Floor, Dallas, TX 75201 | DATE AND TIME<br>5/22/2006 10:00 am |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Randi Seltzer May, Esq,* attorney for Electricite de France and<br>Elec de France International North America | DATE<br>May 4, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Randi Seltzer May, Esq, Hoguet Newman & Regal, LLP, 10 East 40th Street,
New York, NY 10016  (212) 689-8808

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ )
)
Plaintiff, )
)
v. ) No. 1:05CV0969 (JGP)
)
ELECTRICITE DE FRANCE )
INTERNATIONAL NORTH AMERICA, )
INC., et al. )
)
Defendant )

## **Exhibit A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal, by their respective counsel, request that you produce, by the date identified in the accompanying subpoena, for inspection and copying, all responsive documents and things that are within your possession, custody, or control.

## **GENERAL INSTRUCTIONS**

1.      You are required to furnish all documents and things responsive to this subpoena that are known or available to you, regardless of whether these documents are possessed directly by you, your agents, employees, or investigators, or possessed by your attorney or his or her agents, employees, representatives or investigators.

2.      When producing documents in response to this subpoena, produce the documents as they are kept in the usual course of business.

3.      In the event that any document responsive to this subpoena is withheld on the

basis of any legal objection or claim of privilege, indicate the following information for each

such withheld document or portion thereof:

a.      the date of the document;

b.      the general character or type of document (i.e., letter,
memorandum, notes of meeting, etc.) and the number of pages
thereof;

c.      the identity of the person in possession of the document;

d.      the identity of the author or generator of the document;

e.      the identity of the original recipient, recipient of blind copies, or
holder of the document;

f.      the identity of the addressor(s) and addressee(s);

g.      the relationship of author, addressee and any other recipient of the
document, including, but not limited to, recipients of blind copies;

h.      the general subject matter of the document;

i.      the legal basis, including but not limited to any claim of privilege
for withholding the document; and

j.      all attachments, enclosures and appendices, if any, with all of the
information specified in clauses (a) through (i) of this paragraph as
to any such attachment, enclosure and appendix withheld.

4.      If a portion of a document responsive to this subpoena contains information

subject to a claim of privilege, such portion of the document subject to such claim may be

redacted from the document, and the rest of the document shall be produced. Every such

document shall bear a notation indicating where each redacted portion was redacted. As to any

document produced in a redacted version, identify each document that has been redacted and set

forth the basis for the redaction in sufficient detail to permit the court to adjudicate the validity of

the basis for redaction. Provide all of the information specified in clauses (a) through (i) of

paragraph 3 for any redacted portion of any document.

5.    If any document or thing responsive to this subpoena was at one time in existence

but has been lost, destroyed, discarded or otherwise disposed of, state as to each such document

or the thing the following:

     a. the author or generator and the position or title of the author or
      generator, including the organization or business with which such
      author or generator is associated;

     b. the addressee or recipient and, if an individual, his or her position
      or title;

     c. as to documents, the people whom the document indicated as
      recipients of carbon copies or blind copies;

     d. the date of the document or, if a thing, the date it was generated;

     e. the subject matter;

     f. the size (number of pages, length of recording, etc. as appropriate);

     g. the attachments, enclosures or appendices, if any;

     h. all persons to whom the document or thing was distributed shown,
      explained or discussed;

     i. the nature of the document or thing;

     j. the date of loss, destruction or disposal;

     k. the reason for the loss, destruction or disposal;

     l. the person who lost, destroyed or disposed of it; and

     m. the manner in which it was lost, destroyed or disposed of.

6.    If any document or thing responsive to this subpoena cannot be produced in full,

produce each such document or thing to the extent possible, specifying the reasons for your

inability to produce it in full and describing, with whatever information, knowledge, or belief you do have, the subject matter and contents of the unproduced portion thereof.

     7.     If any document or thing responsive to this subpoena was never in your possession, but you are aware of its custodian and location, identify the document or thing and its present custodian and/or location.

     8.     Unless otherwise specified, the relevant time period is from April 1, 2000 through the present.

## DEFINITIONS AND CONSTRUCTION

     1.     "Plaintiff" shall mean Catherine Gaujacq, her attorneys, agents and any other person acting on her behalf.

     2.     "Defendants" shall mean Electricité de France, S.A., Electricité de France International North America and Christian Nadal.

     3.     "EDF" shall mean Defendant Electricité de France, S.A.

     4.     "EDFINA" shall mean Defendant Electricité de France International North America, Inc..

     5.     "Nadal" shall mean Defendant Christian Nadal.

     6.     "ENTERGY" shall mean ENTERGY Services, Inc., its subsidiaries, affiliates, parents, agents and employees.

     7.     "You" and "your" shall mean Cheryl Fellows, Ph.D., and your attorney(s), employee(s), independent contractor(s), agent(s), or any other person(s) acting on your behalf.

     8.     "RHR International Company" shall mean RHR International Company, its subsidiaries, parents, agents and employees.

9.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.     "Concerning" shall mean directly or indirectly, referring, relating or pertaining to or containing, constituting, reflecting, recording, embodying, memorializing, discussing, underlying, commenting upon, forming the basis for, analyzing, mentioning, comprising, considering, explaining, showing or describing the subject matter of the request containing the phrase.

11.     "Document" shall mean and refer to any form of communication, correspondence or representation, including letters, words, pictures, sounds or symbols or combinations thereof, represented in handwriting, printing, photocopying, tape-recording, computer file, e-mail or otherwise however stored (including magnetic, digital, mechanical, tape or other means of electronic storage, video recording, audio recording and every other means of recording), and all attachments thereto. A reference to the word "documents" includes, without limitation: e-mails (and all attachments thereto), letters, correspondence, communications, agreements, proposals, notes, records, reports, telegrams, telexes, computer print-outs, memoranda, analyses, projections, manuals, guidelines, work papers, lists, diaries, calendars, journals, telephone logs, minutes of meetings, notebooks, summaries or records of conversations, statistical statements, drafts of any documents, stenographic or stenotype notes, voice recordings, computer data, non-paper information storage such as tapes, films and computer memory devices. "Documents" include all drafts of the foregoing and all non-identical copies of documents, whether such copies are different from the original by reason of a notation made thereon or added thereto or otherwise.

- 5 -

12.     "Person" shall mean any individual, corporation, organization, domestic or foreign company, association, sole proprietorship, business trust, partnership, limited partnership, firm, joint venture, government or governmental body, governmental or public authority, agency, governing board, authority, department or division or any other entity.

13.     For purposes of construing the scope of this subpoena, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the text itself. This includes, without limitation, the following:

        a.     The use of the singular form of any word includes the plural, and the plural includes the singular, as necessary to bring within the scope of the subpoena all documents that might otherwise be construed to be outside the scope of this subpoena.

        b.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery subpoena all documents that might otherwise be construed to be outside the scope of this subpoena.

        c.     The words "any" and "all" as used in this subpoena shall be construed to mean "any and all," as necessary to make the subpoena more inclusive.

        d.     The phrase "including, without limitation" and the phrase "including but not limited to" shall mean including without in any way qualifying, limiting or restricting the foregoing text to which the phrase refers.

## DOCUMENTS TO BE PRODUCED

1.     All documents concerning the Personal Development Guide of Catherine Gaujacq prepared by you, including, but not limited to, psychological tests or evaluations of any kind,

interview notes with Plaintiff, her family, past employers, or any other Person concerning Plaintiff, and documents or communications relied on in preparing the Personal Development Guide.

2.      Documents sufficient to indicate the date on which you, or RHR International Company was engaged or retained to prepare the Personal Development Guide of Catherine Gaujacq.

3.      Any and all other documents concerning Catherine Gaujacq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                      |     |                          |
| ------------------------------------ | --- | ------------------------ |
| CATHERINE GAUJACQ                    | )   |                          |
|                                      | )   |                          |
| Plaintiff,                           | )   |                          |
|                                      | )   |                          |
| v.                                   | )   | No. 1:05CV0969 (JGP)     |
|                                      | )   |                          |
| ELECTRICITE DE FRANCE                | )   | **NOTICE OF DEPOSITION** |
| INTERNATIONAL NORTH AMERICA,         | )   |                          |
| INC., et al.                         | )   |                          |
|                                      | )   |                          |
| Defendants.                          | )   |                          |
|                                      | )   |                          |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA"), and Christian Nadal, by their respective counsel, will take your deposition upon oral examination at the offices Thompson, Coe, Cousins & Irons, LLP, 700 N. Pearl Street, 25th Floor, Dallas, Texas 75201 (or at another location should all affected parties agree) on May 30, 2006 at 10:00 a.m. The oral examination shall be held before an officer or person duly authorized to administer oaths and shall continue from day to day until completed. You are invited to attend and cross-examine.

PLEASE TAKE FURTHER NOTICE that the oral examination will be recorded by stenographic means.

Dated: New York, New York
      May 4, 2006

HOGUET NEWMAN & REGAL, LLP

By: *Randi Seltzer May*
Randi Seltzer May (D.C. Bar No. NY0063)

HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

*Attorneys for Defendants*
*Electricité de France, S.A., and Electricité*
*de France International North America, Inc.*

STEPTOE & JOHNSON, LLP

By: *Morgan D. Hodgson (RSM)*
Morgan D. Hodgson (DC Bar No. 186521)
David A. Clark, Esq. (D.C. Bar No. 473279)
Connecticut Avenue, NW 1330
Washington, D.C. 20036-1795
(202) 429-3000

*Attorneys for Defendant Christian*
*Nadal*

To:      Elaine Charleson Bredehoft, Esq.
          CHARLESON BREDEHOFT & COHEN, P.C.
          11260 Roger Bacon Drive
          Suite 201
          Reston, VA 20190
          (703) 318-6800

*Attorney for Plaintiff*

**B**

HEALTH & SAFETY CODE

SUBTITLE E. SPECIAL PROVISIONS RELATING TO MENTAL ILLNESS AND
MENTAL RETARDATION

CHAPTER 611. MENTAL HEALTH RECORDS

§ 611.001. DEFINITIONS.  In this chapter:
        (1)   "Patient" means a person who consults or is
interviewed by a professional for diagnosis, evaluation, or
treatment of any mental or emotional condition or disorder,
including alcoholism or drug addiction.
        (2)   "Professional" means:
                (A)   a person authorized to practice medicine in
any state or nation;
                (B)   a person licensed or certified by this state
to diagnose, evaluate, or treat any mental or emotional condition
or disorder;  or
                (C)   a person the patient reasonably believes is
authorized, licensed, or certified as provided by this subsection.

Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.


        § 611.002. CONFIDENTIALITY OF INFORMATION AND PROHIBITION
AGAINST DISCLOSURE.  (a) Communications between a patient and a
professional, and records of the identity, diagnosis, evaluation,
or treatment of a patient that are created or maintained by a
professional, are confidential.
        (b)   Confidential communications or records may not be
disclosed except as provided by Section 611.004 or 611.0045.
        (c)   This section applies regardless of when the patient
received services from a professional.

Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.
Amended by Acts 1993, 73rd Leg., ch. 903, § 1.11, eff. Aug. 30,
1993.


        § 611.003. PERSONS WHO MAY CLAIM PRIVILEGE OF
CONFIDENTIALITY.  (a) The privilege of confidentiality may be
claimed by:
                (1)   the patient;
                (2)   a person listed in Section 611.004(a)(4) or (a)(5)
who is acting on the patient's behalf;  or

(3)  the professional, but only on behalf of the patient.
(b)  The authority of a professional to claim the privilege of confidentiality on behalf of the patient is presumed in the absence of evidence to the contrary.

Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.


§ 611.004. AUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION OTHER THAN IN JUDICIAL OR ADMINISTRATIVE PROCEEDING.  (a) A professional may disclose confidential information only:
(1)  to a governmental agency if the disclosure is required or authorized by law;
(2)  to medical or law enforcement personnel if the professional determines that there is a probability of imminent physical injury by the patient to the patient or others or there is a probability of immediate mental or emotional injury to the patient;
(3)  to qualified personnel for management audits, financial audits, program evaluations, or research, in accordance with Subsection (b);
(4)  to a person who has the written consent of the patient, or a parent if the patient is a minor, or a guardian if the patient has been adjudicated as incompetent to manage the patient's personal affairs;
(5)  to the patient's personal representative if the patient is deceased;
(6)  to individuals, corporations, or governmental agencies involved in paying or collecting fees for mental or emotional health services provided by a professional;
(7)  to other professionals and personnel under the professionals' direction who participate in the diagnosis, evaluation, or treatment of the patient;
(8)  in an official legislative inquiry relating to a state hospital or state school as provided by Subsection (c);
(9)  to designated persons or personnel of a correctional facility in which a person is detained if the disclosure is for the sole purpose of providing treatment and health care to the person in custody;
(10)  to an employee or agent of the professional who requires mental health care information to provide mental health care services or in complying with statutory, licensing, or accreditation requirements, if the professional has taken appropriate action to ensure that the employee or agent:
(A)  will not use or disclose the information for any other purposes;  and
(B)  will take appropriate steps to protect the information;  or

(11)   to satisfy a request for medical records of a deceased or incompetent person pursuant to Section 74.051(e), Civil Practice and Remedies Code.

(b)   Personnel who receive confidential information under Subsection (a)(3) may not directly or indirectly identify or otherwise disclose the identity of a patient in a report or in any other manner.

(c)   The exception in Subsection (a)(8) applies only to records created by the state hospital or state school or by the employees of the hospital or school.  Information or records that identify a patient may be released only with the patient's proper consent.

(d)   A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information.  This subsection does not apply to a person listed in Subsection (a)(4) or (a)(5) who is acting on the patient's behalf.


Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991. Amended by Acts 1995, 74th Leg., ch. 856, § 8, eff. Sept. 1, 1995;  Acts 1999, 76th Leg., ch. 1264, § 1, eff. Sept. 1, 1999; Acts 2005, 79th Leg., ch. 138, § 1, eff. Sept. 1, 2005.


§ 611.0045. RIGHT TO MENTAL HEALTH RECORD.  (a) Except as otherwise provided by this section, a patient is entitled to have access to the content of a confidential record made about the patient.

(b)   The professional may deny access to any portion of a record if the professional determines that release of that portion would be harmful to the patient's physical, mental, or emotional health.

(c)   If the professional denies access to any portion of a record, the professional shall give the patient a signed and dated written statement that having access to the record would be harmful to the patient's physical, mental, or emotional health and shall include a copy of the written statement in the patient's records. The statement must specify the portion of the record to which access is denied, the reason for denial, and the duration of the denial.

(d)   The professional who denies access to a portion of a record under this section shall redetermine the necessity for the denial at each time a request for the denied portion is made.  If the professional again denies access, the professional shall notify the patient of the denial and document the denial as prescribed by Subsection (c).

(e)   If a professional denies access to a portion of a confidential record, the professional shall allow examination and copying of the record by another professional if the patient selects the professional to treat the patient for the same or a

related condition as the professional denying access.

(f)   The content of a confidential record shall be made available to a person listed by Section 611.004(a)(4) or (5) who is acting on the patient's behalf.

(g)   A professional shall delete confidential information about another person who has not consented to the release, but may not delete information relating to the patient that another person has provided, the identity of the person responsible for that information, or the identity of any person who provided information that resulted in the patient's commitment.

(h)   If a summary or narrative of a confidential record is requested by the patient or other person requesting release under this section, the professional shall prepare the summary or narrative.

(i)   The professional or other entity that has possession or control of the record shall grant access to any portion of the record to which access is not specifically denied under this section within a reasonable time and may charge a reasonable fee.

(j)   Notwithstanding Section 159.002, Occupations Code, this section applies to the release of a confidential record created or maintained by a professional, including a physician, that relates to the diagnosis, evaluation, or treatment of a mental or emotional condition or disorder, including alcoholism or drug addiction.

(k)   The denial of a patient's access to any portion of a record by the professional or other entity that has possession or control of the record suspends, until the release of that portion of the record, the running of an applicable statute of limitations on a cause of action in which evidence relevant to the cause of action is in that portion of the record.

Added by Acts 1993, 73rd Leg., ch. 903, § 1.12, eff. Aug. 30, 1993.  Amended by Acts 2001, 77th Leg., ch. 1420, § 14.806, eff. Sept. 1, 2001.


§ 611.005. LEGAL REMEDIES FOR IMPROPER DISCLOSURE OR FAILURE TO DISCLOSE.  (a) A person aggrieved by the improper disclosure of or failure to disclose confidential communications or records in violation of this chapter may petition the district court of the county in which the person resides for appropriate relief, including injunctive relief.  The person may petition a district court of Travis County if the person is not a resident of this state.

(b)   In a suit contesting the denial of access under Section 611.0045, the burden of proving that the denial was proper is on the professional who denied the access.

(c)   The aggrieved person also has a civil cause of action for damages.

Added by Acts 1991, 72nd Leg., ch. 76, § 1, eff. Sept. 1, 1991.

Case 3:06-mc-00042-D   Document 1   Filed 05/19/06   Page 36 of 68   PageID 36

Amended by Acts 1993, 73rd Leg., ch. 903, § 1.13, eff. Aug. 30, 1993.


§ 611.006. AUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION IN JUDICIAL OR ADMINISTRATIVE PROCEEDING.  (a) A professional may disclose confidential information in:
    (1)  a judicial or administrative proceeding brought by the patient or the patient's legally authorized representative against a professional, including malpractice proceedings;
    (2)  a license revocation proceeding in which the patient is a complaining witness and in which disclosure is relevant to the claim or defense of a professional;
    (3)  a judicial or administrative proceeding in which the patient waives the patient's right in writing to the privilege of confidentiality of information or when a representative of the patient acting on the patient's behalf submits a written waiver to the confidentiality privilege;
    (4)  a judicial or administrative proceeding to substantiate and collect on a claim for mental or emotional health services rendered to the patient;
    (5)  a judicial proceeding if the judge finds that the patient, after having been informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's mental or emotional condition or disorder, except that those communications may be disclosed only with respect to issues involving the patient's mental or emotional health;
    (6)  a judicial proceeding affecting the parent-child relationship;
    (7)  any criminal proceeding, as otherwise provided by law;
    (8)  a judicial or administrative proceeding regarding the abuse or neglect, or the cause of abuse or neglect, of a resident of an institution, as that term is defined by Chapter 242;
    (9)  a judicial proceeding relating to a will if the patient's physical or mental condition is relevant to the execution of the will;
    (10)  an involuntary commitment proceeding for court-ordered treatment or for a probable cause hearing under:
        (A)  Chapter 462;
        (B)  Chapter 574;  or
        (C)  Chapter 593;  or
    (11)  a judicial or administrative proceeding where the court or agency has issued an order or subpoena.
    (b)  On granting an order under Subsection (a)(5), the court, in determining the extent to which disclosure of all or any part of a communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.


§ 611.007. REVOCATION OF CONSENT.  (a) Except as provided by Subsection (b), a patient or a patient's legally authorized representative may revoke a disclosure consent to a professional at any time.  A revocation is valid only if it is written, dated, and signed by the patient or legally authorized representative.

(b)  A patient may not revoke a disclosure that is required for purposes of making payment to the professional for mental health care services provided to the patient.

(c)  A patient may not maintain an action against a professional for a disclosure made by the professional in good faith reliance on an authorization if the professional did not have notice of the revocation of the consent.

Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.


§ 611.008. REQUEST BY PATIENT.  (a) On receipt of a written request from a patient to examine or copy all or part of the patient's recorded mental health care information, a professional, as promptly as required under the circumstances but not later than the 15th day after the date of receiving the request, shall:

(1)  make the information available for examination during regular business hours and provide a copy to the patient, if requested;  or

(2)  inform the patient if the information does not exist or cannot be found.

(b)  Unless provided for by other state law, the professional may charge a reasonable fee for retrieving or copying mental health care information and is not required to permit examination or copying until the fee is paid unless there is a medical emergency.

(c)  A professional may not charge a fee for copying mental health care information under Subsection (b) to the extent the fee is prohibited under Subchapter M, Chapter 161.

Added by Acts 1995, 74th Leg., ch. 856, § 9, eff. Sept. 1, 1995.

Exh B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| Plaintiff, | ) |
| v. | )  No. 1:05CV0969 (JGP) |
| ELECTRICITÉ DE FRANCE INTERNATIONAL NORTH AMERICA, INC., et al. | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR PLAINTIFF'S
## LIMITED MEDICAL AUTHORIZATION

This motion is brought by all Defendants, Electricité de France, S.A. ("EDF"), Electricité De France International North America, Inc. ("EDFINA"), and Christian Nadal ("Nadal"), by and through their undersigned counsel. During a status conference on May 15, 2006, the Court ordered that this motion be briefed on an expedited basis, with opposition due May 22, 2006 and reply due May 23, 2006.

Plaintiff has put her mental state at issue in this case by claiming and seeking damages for an alleged "major depression" and Plaintiff has therefore waived any claim of physician-patient privilege. In connection with Plaintiff's new employment, Plaintiff was interviewed at least one time by a corporate management psychologist (Dr. Cheryl Fellows, Ph. D., of RHR International Company) in the midst of Plaintiff's alleged "major depression." Defendants have served a subpoena duces tecum and noticed the deposition of Dr. Fellows to discover facts about Plaintiff's mental state at that time.

Plaintiff has unequivocally waived any claim of privilege for communications with Dr. Fellows, assuming, *arguendo*, that a physician- patient privilege even attached between Plaintiff and Dr. Fellows, who did not treat Plaintiff. Nonetheless, Dr. Fellows

requires a written authorization from Plaintiff before disclosing communications she had with Plaintiff and documents concerning Plaintiff's mental state. Without justification, Plaintiff has refused to furnish a medical authorization.

For the reasons stated more fully in Defendants' Memorandum in Support of their Motion For Plaintiff's Limited Medical Authorization, submitted contemporaneously herewith and incorporated herein by reference, the Court should grant Defendants the relief they seek.

Dated: May 17, 2006

Respectfully Submitted,

/s/ Randi Seltzer May

Randi Seltzer May
D.C. Bar No. NY0063
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY 10016
(212)689-8808

*Counsel for Defendants Electricité de France, S.A. and Electricité de France International North America, Inc.*

/s/ Morgan D. Hodgson

Morgan D. Hodgson
D.C. Bar No. 186521
David Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | |
| ELECTRICITÉ DE FRANCE | ) | |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PLAINTIFF'S LIMITED MEDICAL AUTHORIZATION

Defendants, Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal ("Nadal") submit this Memorandum in Support of their Motion For Plaintiff's Limited Medical Authorization. Plaintiff has put her mental state directly at issue in this case by seeking damages for an alleged "major depression." Plaintiff has therefore waived any privilege, assuming one exists, for communications between herself and a corporate management psychologist (Dr. Cheryl Fellows, Ph.D.) who interviewed the Plaintiff at least once and authored a document about Plaintiff's mental state in January 2005, in the midst of Plaintiff's alleged "major depression." Defendants have served Dr. Fellows with a subpoena duces tecum and noticed her deposition. Notwithstanding Plaintiff's waiver of any privilege regarding her mental state, Dr. Fellows requires an authorization from Plaintiff before disclosing communications she had with Plaintiff and documents concerning Plaintiff's mental state. Plaintiff has refused to execute the authorization, without any justification.

employee or candidate.   Accordingly, Plaintiff has no justifiable reason for her refusal to sign the medical authorization for the benefit of Dr. Fellows.

## ARGUMENT

### Plaintiff Has Waived Any Claim of Privilege as Regards her Mental State

Plaintiff has waived her right to assert any physician-patient privilege for the communications between herself and Dr. Fellows by putting her mental state at issue. When Plaintiff decided to seek damages for an alleged "major depression," she put her mental state directly at issue in this case.  Plaintiff cannot have it both ways:  she is not entitled to prevent Defendants from discovering evidence directly bearing on her mental state, during the midst of her alleged major depression, by refusing to sign an authorization, while also seeking damages for her mental state.

It is axiomatic that a plaintiff waives a privilege of disclosure of relevant medical evidence by placing that medical condition at issue, such as filing a lawsuit for such condition or seeking damages therefor.  See, e.g., Sklagen v. Greater Southeast Cmty. Hosp., 625 F. Supp 991 (D.D.C. 1984)) (granting defendant's motion to compel plaintiff to execute medical authorizations informing her physician that they could disclose medical information where plaintiff sought damages for physical injuries).  The United States District Court for the District of Columbia found that the plaintiff waived the privilege against disclosure by putting her physical condition at issue when she filed the lawsuit.  Id.; see also Street v. Hedgepath, M.D. & Georgetown Univ., 607 S.E.2d 1238 (D.C. 1992) (same).

3

## CONCLUSION

For the reasons above, Defendants request that the Court enter an Order compelling Plaintiff's execution of the medical authorization for Dr. Fellows.

Dated:  May 17, 2006

Respectfully Submitted,

/s/ Randi Seltzer May

_____

Randi Seltzer May
D.C. Bar No. NY0063
HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, NY  10016
(212)689-8808

*Counsel for Electricité de France, S.A., and Electricité de France International North America, Inc.*

/s/ Morgan D. Hodgson

_____

Morgan D. Hodgson
D.C. Bar No. 186521
David Clark
D.C. Bar No. 473279
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 429-3000

*Counsel for Defendant Christian Nadal*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE GAUJACQ                          )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )        No. 1:05CV0969 (JGP)
                                           )
ELECTRICITE DE FRANCE                      )
INTERNATIONAL NORTH AMERICA,               )
INC., et al.                               )
                                           )
        Defendants.                        )
                                           )

**ORDER**

Upon consideration of Defendants' Motion for Limited Medical Authorization and the

briefs and other submissions of counsel made in connection therewith;

The Court hereby ORDERS as follows:

The Defendants' Motion is GRANTED;

Plaintiff will immediately execute a Medical Authorization, in the form attached hereto.

SO ORDERED this _____ day of _____ 2006.


                            _____
                            The Honorable John Garrett Penn
                            United States District Court Judge

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ, | |
| Plaintiff, | Civil Action No. C5-969 (JGP) |
| v. | **MEDICAL AUTHORIZATION** |
| ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A. and CHRISTIAN NADAL, | |
| Defendants, | |

I, Catherine Gaujacq, hereby authorize the disclosure of copies of any and all records, documents and/or files in the possession, custody or control of RHR International Company, its employees, representatives, attorneys, or agents, and/or Cheryl Fellows, Ph.D., her employees, representatives, attorneys, or agents, relating in any way to myself, including, but not limited to, notes, and psychological and/or personality tests, to Hoguet Newman & Regal, LLP, 10 East 40th Street, 35th Floor, New York, New York 10016, attorneys for defendants Electricité de France, S.A. and Electricité de France International North America, Inc. in the above-captioned action, and to Steptoe & Johnson LLP, 1330 Connecticut Avenue NW, Washington, D.C. 20036, attorneys for defendant Christian Nadal in the above-captioned action, and I authorize Cheryl Fellows, Ph.D. to testify about the same.

6

A photocopy of this authorization shall have the same force and effect as the original.

Dated:          _____, 2006


_____
Catherine Gaujacq


Sworn to before me this
___ day of _____, 2006

Exh - C

S. AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Texas |
|---|---|---|

Catherine Gaujacq

V.

Electricite de France International North America, Inc., Electricite de France, Christian Nadal

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:05CV0969

(Pending in the U.S. District Court for the District of Columbia)

TO: Cheryl Fellows, Ph.D
RHR International Company
17766 Preston Road
Dallas, Texas 75252

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Thompson, Coe, Cousins & Irons, LLP<br>700 Pearl Street, 25th Floor, Dallas, TX 75201 | DATE AND TIME<br>5/30/2006 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT

| PLACE   Thompson, Coe, Cousins & Irons, LLP<br>700 Pearl Street, 25th Floor, Dallas, TX 75201 | DATE AND TIME<br>5/22/2006 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Randi Seltzer May, Esq.* attorney for Electricite de France and Elec de France International North America | DATE<br>May 4, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
*Randi Seltzer May, Esq,* Hoguet Newman & Regal, LLP,  10 East 40th Street, New York, NY 10016  (212) 689-8808

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATHERINE GAUJACQ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:05CV0969 (JGP) |
| | ) |
| ELECTRICITE DE FRANCE | ) |
| INTERNATIONAL NORTH AMERICA, | ) |
| INC., et al. | ) |
| | ) |
| Defendant | ) |

## Exhibit A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA") and Christian Nadal, by their respective counsel, request that you produce, by the date identified in the accompanying subpoena, for inspection and copying, all responsive documents and things that are within your possession, custody, or control.

## GENERAL INSTRUCTIONS

1.    You are required to furnish all documents and things responsive to this subpoena that are known or available to you, regardless of whether these documents are possessed directly by you, your agents, employees, or investigators, or possessed by your attorney or his or her agents, employees, representatives or investigators.

2.    When producing documents in response to this subpoena, produce the documents as they are kept in the usual course of business.

3.    In the event that any document responsive to this subpoena is withheld on the

basis of any legal objection or claim of privilege, indicate the following information for each

such withheld document or portion thereof:

        a.    the date of the document;

        b.    the general character or type of document (i.e., letter, memorandum, notes of meeting, etc.) and the number of pages thereof;

        c.    the identity of the person in possession of the document;

        d.    the identity of the author or generator of the document;

        e.    the identity of the original recipient, recipient of blind copies, or holder of the document;

        f.    the identity of the addressor(s) and addressee(s);

        g.    the relationship of author, addressee and any other recipient of the document, including, but not limited to, recipients of blind copies;

        h.    the general subject matter of the document;

        i.    the legal basis, including but not limited to any claim of privilege for withholding the document; and

        j.    all attachments, enclosures and appendices, if any, with all of the information specified in clauses (a) through (i) of this paragraph as to any such attachment, enclosure and appendix withheld.

4.    If a portion of a document responsive to this subpoena contains information

subject to a claim of privilege, such portion of the document subject to such claim may be

redacted from the document, and the rest of the document shall be produced. Every such

document shall bear a notation indicating where each redacted portion was redacted. As to any

document produced in a redacted version, identify each document that has been redacted and set

forth the basis for the redaction in sufficient detail to permit the court to adjudicate the validity of

the basis for redaction. Provide all of the information specified in clauses (a) through (i) of
paragraph 3 for any redacted portion of any document.

     5.     If any document or thing responsive to this subpoena was at one time in existence
but has been lost, destroyed, discarded or otherwise disposed of, state as to each such document
or the thing the following:

     a.     the author or generator and the position or title of the author or
generator, including the organization or business with which such
author or generator is associated;

     b.     the addressee or recipient and, if an individual, his or her position
or title;

     c.     as to documents, the people whom the document indicated as
recipients of carbon copies or blind copies;

     d.     the date of the document or, if a thing, the date it was generated;

     e.     the subject matter;

     f.     the size (number of pages, length of recording, etc. as appropriate);

     g.     the attachments, enclosures or appendices, if any;

     h.     all persons to whom the document or thing was distributed shown,
explained or discussed;

     i.     the nature of the document or thing;

     j.     the date of loss, destruction or disposal;

     k.     the reason for the loss, destruction or disposal;

     l.     the person who lost, destroyed or disposed of it; and

     m.     the manner in which it was lost, destroyed or disposed of.

     6.     If any document or thing responsive to this subpoena cannot be produced in full,
produce each such document or thing to the extent possible, specifying the reasons for your

inability to produce it in full and describing, with whatever information, knowledge, or belief you do have, the subject matter and contents of the unproduced portion thereof.

7.      If any document or thing responsive to this subpoena was never in your possession, but you are aware of its custodian and location, identify the document or thing and its present custodian and/or location.

8.      Unless otherwise specified, the relevant time period is from April 1, 2000 through the present.

## DEFINITIONS AND CONSTRUCTION

1.      "Plaintiff" shall mean Catherine Gaujacq, her attorneys, agents and any other person acting on her behalf.

2.      "Defendants" shall mean Electricité de France, S.A., Electricité de France International North America and Christian Nadal.

3.      "EDF" shall mean Defendant Electricité de France, S.A.

4.      "EDFINA" shall mean Defendant Electricité de France International North America, Inc..

5.      "Nadal" shall mean Defendant Christian Nadal.

6.      "ENTERGY" shall mean ENTERGY Services, Inc., its subsidiaries, affiliates, parents, agents and employees.

7.      "You" and "your" shall mean Cheryl Fellows, Ph.D., and your attorney(s), employee(s), independent contractor(s), agent(s), or any other person(s) acting on your behalf.

8.      "RHR International Company" shall mean RHR International Company, its subsidiaries, parents, agents and employees.

- 4 -

9.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.     "Concerning" shall mean directly or indirectly, referring, relating or pertaining to or containing, constituting, reflecting, recording, embodying, memorializing, discussing, underlying, commenting upon, forming the basis for, analyzing, mentioning, comprising, considering, explaining, showing or describing the subject matter of the request containing the phrase.

11.     "Document" shall mean and refer to any form of communication, correspondence or representation, including letters, words, pictures, sounds or symbols or combinations thereof, represented in handwriting, printing, photocopying, tape-recording, computer file, e-mail or otherwise however stored (including magnetic, digital, mechanical, tape or other means of electronic storage, video recording, audio recording and every other means of recording), and all attachments thereto. A reference to the word "documents" includes, without limitation: e-mails (and all attachments thereto), letters, correspondence, communications, agreements, proposals, notes, records, reports, telegrams, telexes, computer print-outs, memoranda, analyses, projections, manuals, guidelines, work papers, lists, diaries, calendars, journals, telephone logs, minutes of meetings, notebooks, summaries or records of conversations, statistical statements, drafts of any documents, stenographic or stenotype notes, voice recordings, computer data, non-paper information storage such as tapes, films and computer memory devices. "Documents" include all drafts of the foregoing and all non-identical copies of documents, whether such copies are different from the original by reason of a notation made thereon or added thereto or otherwise.

12. "Person" shall mean any individual, corporation, organization, domestic or foreign company, association, sole proprietorship, business trust, partnership, limited partnership, firm, joint venture, government or governmental body, governmental or public authority, agency, governing board, authority, department or division or any other entity.

13. For purposes of construing the scope of this subpoena, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the text itself. This includes, without limitation, the following:

  a. The use of the singular form of any word includes the plural, and the plural includes the singular, as necessary to bring within the scope of the subpoena all documents that might otherwise be construed to be outside the scope of this subpoena.

  b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery subpoena all documents that might otherwise be construed to be outside the scope of this subpoena.

  c. The words "any" and "all" as used in this subpoena shall be construed to mean "any and all," as necessary to make the subpoena more inclusive.

  d. The phrase "including, without limitation" and the phrase "including but not limited to" shall mean including without in any way qualifying, limiting or restricting the foregoing text to which the phrase refers.

## DOCUMENTS TO BE PRODUCED

1. All documents concerning the Personal Development Guide of Catherine Gaujacq prepared by you, including, but not limited to, psychological tests or evaluations of any kind,

-6-

interview notes with Plaintiff, her family, past employers, or any other Person concerning

Plaintiff, and documents or communications relied on in preparing the Personal Development

Guide.

2.    Documents sufficient to indicate the date on which you, or RHR International

Company was engaged or retained to prepare the Personal Development Guide of Catherine

Gaujacq.

3.    Any and all other documents concerning Catherine Gaujacq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CATHERINE GAUJACQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV0969 (JGP) |
| | ) | |
| ELECTRICITE DE FRANCE | ) | **NOTICE OF DEPOSITION** |
| INTERNATIONAL NORTH AMERICA, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Electricité de France, S.A. ("EDF"), Electricité de France International North America, Inc. ("EDFINA"), and Christian Nadal, by their respective counsel, will take your deposition upon oral examination at the offices Thompson, Coe, Cousins & Irons, LLP, 700 N. Pearl Street, 25th Floor, Dallas, Texas 75201 (or at another location should all affected parties agree) on May 30, 2006 at 10:00 a.m. The oral examination shall be held before an officer or person duly authorized to administer oaths and shall continue from day to day until completed. You are invited to attend and cross-examine.

PLEASE TAKE FURTHER NOTICE that the oral examination will be recorded by stenographic means.

Dated: New York, New York
May 4, 2006

HOGUET NEWMAN & REGAL, LLP

By: *Randi Seltzer May*

Randi Seltzer May (D.C. Bar No. NY0063)

HOGUET NEWMAN & REGAL, LLP
10 East 40th Street
New York, New York 10016

*Attorneys for Defendants
Electricité de France, S.A., and Electricité
de France International North America, Inc.*

STEPTOE & JOHNSON, LLP

By: *Morgan D. Hodgson (PSH)*

Morgan D. Hodgson (DC Bar No. 186521)
David A. Clark, Esq. (D.C. Bar No. 473279)
Connecticut Avenue, NW 1330
Washington, D.C. 20036-1795
(202) 429-3000

*Attorneys for Defendant Christian
Nadal*

To:      Elaine Charleson Bredehoft, Esq.
         CHARLESON BREDEHOFT & COHEN, P.C.
         11260 Roger Bacon Drive
         Suite 201
         Reston, VA 20190
         (703) 318-6800

         *Attorney for Plaintiff*

$Exh - D$



**"Elaine Bredehoft"**
**<ebredehoft@charlsonbredeh**
**oft.com>**

05/17/2006 07:14 AM

To  <DRegal@hnrlaw.com>

cc  "David Clark" <dclark@steptoe.com>,
<mhodgson@steptoe.com>, "Jessica Bogo"
<jbogo@charlsonbredehoft.com>, "Laura Hoguet"

bcc

Subject  *Proposed Schedule and compromise on outstanding issues*

Counsel:  After discussing this further with my client, and with Mr. Gaujacq, I believe we can propose a schedule and some compromises that will enable us to complete the depositions within the time contemplated and resolve the outstanding issues, and perhaps minimize travel issues as well.

2.  We will WITHDRAW our objection to Ms. Gaujacq signing the Release for RHR and will appear at the deposition of Dr. Fellows in Dallas on May 30.   We can then all fly to Jackson Mississippi and:

Exh - E

| Randi May/Hoguet Newman Regal | To | apagniucci@sachnoff.com |
|---|---|---|
| 05/03/2006 05:00 PM | cc | |
| | bcc | Dorothea Regal/Hoguet Newman Regal@Hoguet Newman Regal; mhodgson@steptoe.com; dclark@steptoe.com; kteale@steptoe.com |
| | Subject | Cheryl Fellows Subpoena |

Dear Mr. Pagniucci:

Thank you for talking with me today and for agreeing to accept service on behalf of Dr. Fellows.

I will work on obtaining a proper release from Ms. Gaujacq. If there is anything specific that RHR requires in their releases, perhaps you could let me know so that I can be sure to address their concerns.

As you requested, I am forwarding a copy of: 1) the Complaint, 2) the Answer, and 3) the Protective Order. You may also want to read the PDG that Dr. Fellows prepared, which you can get from Dr. Fellows. As you will see, Ms. Gaujacq has put her psychiatric state directly in issue in this case, making any information bearing on that directly relevant and discoverable. I note that, in any event, relevance is not a basis to withhold discoverable information.

I will send you the subpoena as soon as it is prepared. If you are able to confer with Dr. Fellows about dates that she is available, I would be most grateful. Thanks again for your cooperation.

Randi May

                    

2005 05.13.Complaint.pdf   2005 09.12.Answer of EDF and EDFINA.pdf   2005.09.12.Answer of Nadal.pdf



2005.12.14.Protective Order Full.pdf

_____

Randi B. May
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, NY 10016

Phone: (212) 689-8808
Fax:    (212) 689-5101

| **Randi May/Hoguet Newman Regal** | To | apagniucci@sachnoff.com |
|---|---|---|
| 05/04/2006 03:46 PM | cc | |
| | bcc | Dorothea Regal/Hoguet Newman Regal@Hoguet Newman Regal; mhodgson@steptoe.com; dclark@steptoe.com; kteale@steptoe.com; Karen Lipsett/Hoguet Newman Regal@Hoguet Newman Regal; rcooper@steptoe.com; Laura Hoguet/Hoguet Newman Regal@Hoguet Newman Regal |
| | Subject | Cheryl Fellows Subpoena |

Dear Mr. Pagniucci:

Thank you again for accepting service of the subpoena on behalf of Dr. Fellows.  It  is attached.  Please let me know if I should mail the appropriate check to your office and if so, please provide me with your address.

Although I would have preferred to have received the benefit of Dr. Fellows' availability to accommodate her busy schedule, fact discovery in this case closes on May 31, 2006, and I wanted to serve the subpoena right away so as to provide Dr. Fellow with ample notice.  If Dr. Fellows prefers an alternative location for the deposition, we would be open to arranging that as well.

I understand that you will need a release from Catherine Gaujacq and I will provide you with that as soon as I have received it.

Thank you again for your cooperation.

Randi May

[PDF]
Cheryl Fellow subpoena.pdf

_____
Randi B. May
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, NY 10016

Phone:  (212) 689-8808
Fax:      (212) 689-5101

**Randi May/Hoguet Newman Regal**

05/10/2006 12:53 PM

To  apagniucci@sachnoff.com

cc  Dorothea Regal/Hoguet Newman Regal@Hoguet Newman Regal

bcc  mhodgson@steptoe.com; dclark@steptoe.com; kteale@steptoe.com

Subject  Cheryl Fellows Subpoena

Dear Mr. Pagniucci:

I write to follow up on our conversation on May 3 concerning Dr. Fellows' availability.  As you know, the subpoena commands her appearance on May 30, 2006.  I am aware that Dr. Fellows travels extensively and am amenable to accommodating her schedule.

Many thanks,

Randi May

_____
Randi B. May
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, NY 10016

Phone:  (212) 689-8808
Fax:     (212) 689-5101

| | | |
|---|---|---|
| **Randi May/Hoguet Newman Regal**<br><br>05/16/2006 11:56 AM | To | apagniucci@sachnoff.com |
| | cc | Dorothea Regal/Hoguet Newman Regal@Hoguet Newman Regal |
| | bcc | mhodgson@steptoe.com; dclark@steptoe.com; kteale@steptoe.com |
| | Subject | Cheryl Fellows Subpoena |

Mr. Pagniucci,

I have still not received a response to any of my e-mails to you, (which were sent on May 3, 4 and May 10, 2006) or to my letter sent to you on May 10, 2006.   As you know, the subpoena has set May 30, 2006 as the date for Dr. Fellows's deposition and May 22, 2006 as the date by which responsive documents are to be produced.

Please let me know whether or not Dr. Fellows will appear at the deposition on May 30, 2006 and whether or not she will produce the documents demanded in the subpoena.   Even though I have not received authority from you supporting the proposition that the communications between Dr. Fellows and Ms. Gaujacq are protected by any privilege, I  understand that Dr. Fellows would prefer to have a  release signed by Ms. Gaujacq and we are in the process of obtaining that.

Please respond by the close of business Thursday May 18, 2006.  My clients are prepared to enforce the subpoena in Texas, if necessary.

--------------------
Randi B. May
Hoguet Newman & Regal, LLP
10 East 40th Street
New York, NY 10016

Phone:  (212) 689-8808
Fax:      (212) 689-5101

# HOGUET NEWMAN & REGAL, LLP

ATTORNEYS AT LAW

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016

LAURA B. HOGUET
FREDRIC S. NEWMAN
DOROTHEA W. REGAL
JOSHUA D. RIEVMAN
EDWARD P. BOYLE
SHERYL B. GALLER
IRA J. LIPTON

TEL (212) 689-8808

FAX (212) 689-5101

www.hnrlaw.com

hnr@hnrlaw.com

SARAH K. BARICKMAN
KATHLEEN L. LOWDEN
RANDI B. MAY
———
EDNA R. SUSSMAN, OF COUNSEL

May 10, 2006

Arnold A. Pagniucci
Sachnoff & Weaver, Ltd.
10 South Wacker Drive
Chicago, Illinois  60606-7507

> Re:  Catherine Gaujacq v. Electricite de France
> International North America, Inc., et al.

Dear Mr. Pagniucci:

As previously discussed with Randi May, please find enclosed a copy of the subpoena for Cheryl Fellow, Ph.D and the accompanying witness fee.

If you have any questions regarding the enclosed, please do not hesitate to contact me.

Very truly yours,

*Karen Lipsett*

Karen Lipsett
Legal Assistant

Enclosures

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

306MC0042-D

RECEIVED
MAY 1 9 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CATHERINE GAUJACQ

## DEFENDANTS

ELECTRICITE DE FRANCE INTERNATIONAL NORTH AMERICA, INC., ELECTRICITE DE FRANCE, S.A., AND CHRISTIAN NADAL

**(b)** County of Residence of First Listed Plaintiff _____Southern Dist. Mississippi_____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____District of Columbia_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE.  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Elaine Charlson Bredehoft, Esq., Charlson Bredehoft & Cohen, P.C.,
11260 Roger Bacon Dr., Suite 201, Reston, VA  20190 (703) 318-6800

Attorneys (If Known)

Randi Seltzer May, Hoguet Newman & Regal
10 East 40th Street, New York, New York  10016 (212) 689-8808

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U S Government Plaintiff
- [x] 3  Federal Question (U S Government Not a Party)
- [ ] 2  U S Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury - | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R R & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Product Liability | [ ] 730 Labor/Mgmt Reporting | [ ] 864 SSID Title XVI | [x] 890 Other Statutory Actions |
| [ ] 196 Franchise | Injury | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U S Plaintiff | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl Ret Inc | or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 871 IRS—Third Party | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | 26 USC 7609 | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/Disabilities - | [ ] 540 Mandamus & Other | | | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | | | to Justice |
| | [ ] 446 Amer w/Disabilities - | [ ] 555 Prison Condition | | | [ ] 950 Constitutionality of |
| | Other | | | | State Statutes |
| | [ ] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)

Brief description of cause. Federal Rule of Civil Procedure, 45 - Motion to Compel Compliance with Foreign Subpoena

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE  John G. Penn, USDC, Dist. of Columbia    DOCKET NUMBER  1:05CV0969

DATE  May 18, 2006

SIGNATURE OF ATTORNEY OF RECORD  Randi Seltzer May

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

JS 44 Reverse (Rev 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows

**I.**      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

(b) County of Residence  For each civil case filed, except U.S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing  In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing  (NOTE  In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys  Enter the firm name, address, telephone number, and attorney of record  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**      **Jurisdiction**  The basis of jurisdiction is set forth under Rule 8(a), F R C P , which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff  (1) Jurisdiction based on 28 U S C. 1345 and 1348.  Suits by agencies and officers of the United States are included here

United States defendant  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States  In cases where the U.S. is a party, the U.S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked

Diversity of citizenship  (4) This refers to suits under 28 U.S.C  1332, where parties are citizens of different states  When Box 4 is checked, the citizenship of the different parties must be checked  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**      **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above  Mark this section for each principal party

**IV.**      **Nature of Suit**  Place an "X" in the appropriate box  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive

**V.**      **Origin**  Place an "X" in one of the seven boxes

Original Proceedings  (1) Cases which originate in the United States district courts.

Removed from State Court  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box

Remanded from Appellate Court  (3) Check this box for cases remanded to the district court for further action  Use the date of remand as the filing date

Reinstated or Reopened  (4) Check this box for cases reinstated or reopened in the district court  Use the reopening date as the filing date.

Transferred from Another District  (5) For cases transferred under Title 28 U S.C Section 1404(a)  Do not use this box for within district transfers or multidistrict litigation transfers

Multidistrict Litigation  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C  Section 1407  When this box is checked, do not check (5) above

Appeal to District Judge from Magistrate Judgment  (7) Check this box for an appeal from a magistrate judge's decision

**VI.**      **Cause of Action**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**                Example  U S Civil Statute: 47 USC 553
                              Brief Description  Unauthorized reception of cable service

**VII.**      **Requested in Complaint**  Class Action  Place an "X" in this box if you are filing a class action under Rule 23, F R Cv.P

Demand  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand  Check the appropriate box to indicate whether or not a jury is being demanded

**VIII.**      **Related Cases**  This section of the JS 44 is used to reference related pending cases if any  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature**.  Date and sign the civil cover sheet.